March 2, 2022

**Via Email and ECF**
Hon. Nelson S. Román, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601
Courtroom 218
RomanNYSDChambers@nysd.uscourts.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/02/2022

    Re:    *Streamlined Consultants, Inc. et al v. Forward Financing LLC et al,*
              **Civil Action No. 21-cv-10838**
              **Plaintiffs' Letter Requesting Pre-Motion Conference for Stay**

Dear Judge Román,

        This office represents counsel for the Plaintiffs, Streamlined Consultants, Inc. and Moshe Schoenwald (collectively, "Plaintiffs") in the above-captioned matter. We write in accordance with the Court's Individual Rule 3(A)(ii) and Emergency Individual Rule 1(A), to request a pre-motion conference regarding Plaintiffs' request to file a Motion to Stay the parallel Arbitration that Defendant has initiated during the course of this action. The bases for Plaintiffs' anticipated motion for a stay are: 1) This action was brought by Plaintiffs into Court asserting a void agreement between the parties, preventing arbitration; and 2) the Court should grant a stay of the arbitration in furtherance of public policy.

        The Court should issue an Order staying the ongoing arbitration, AAA Case No. 01-22-0000-3640, as it regards the exact same parties and claims asserted herein. As Your Honor is aware, there is pending a Motion to Dismiss and Compel Arbitration filed by Defendant to which this Court is currently reviewing and deciding. Despite this Motion filed by Defendant, Defendant chose to initiate arbitration proceedings regardless of this Court's decision on the pending motion, wholly ignoring this Court's authority.

        "On a motion to stay arbitration, the Court is mindful of its limited role — 'to determine whether the dispute is arbitrable, which requires a showing that (1) it is lawful to arbitrate the dispute and (2) the parties have agreed to arbitrate such dispute'" City of Rensselaer v. Relentless Awareness, LLC, 71 Misc. 3d 486, 489, 142 N.Y.S.3d 892, 896 (N.Y. Sup. Ct. 2021) (quoting Matter of Board of Educ. of the Hudson City Sch. Dist. (Civil Serv. Empls. Assn., Local 1000, AFSCME, Columbia County, Local 811, Hudson City Sch. Dist. Aides Unit, 174 A.D.3d 1112, 1113, 105 N.Y.S.3d 594 (3d Dept. 2019) (citations omitted)).

        "The Court's authority to enjoin arbitration proceedings is limited by the Federal Arbitration Act to situations where the underlying arbitration agreement is invalid or

MEMO ENDORSED

nonbinding." McIntire v. China MediaExpress Holdings, Inc., 113 F. Supp. 3d 769, 775 (S.D.N.Y. 2015). "[A] petition to stay arbitration may be granted where there are no substantial issues raised as to whether a valid agreement calling for arbitration was made." City of Rensselaer v. Relentless Awareness, LLC, 71 Misc. 3d 486, 489–90, 142 N.Y.S.3d 892, 896 (N.Y. Sup. Ct. 2021) (citing to Board of Educ. Of City of New York v. Local 891, Intern. Union of Operating Engineers, 270 A.D.2d 7, 705 N.Y.S.2d 29 (1st Dept. 2000)).

Here, Plaintiffs are litigating the very issue that would bar arbitration of this action, namely, that the agreement between the parties is invalid due to its usurious nature. In fact, whether this action is arbitrable was one of the main issues brought up in Defendant's recent motion practice, which Plaintiffs have vehemently disputed. United States v. Eberhard, No. 03 Cr. 562, 2004 WL 616122, at *3, 2004 U.S. Dist. LEXIS 5029, at *10 (S.D.N.Y. Mar. 30, 2004) ("[W]here courts in this Circuit have concluded that § 4 of the FAA permits the issuance of a stay [of a private arbitration], ... they appear to have done so only in those circumstances where a stay would be incidental to the court's power under the FAA to enforce contractual agreements calling for arbitration...."). "[C]ourts have often relied on the First Circuit's reasoning in *Societe Generale* that 'to enjoin a party from arbitrating where an agreement to arbitrate is absent is the concomitant of the power to compel arbitration where it is present.'" Id. (quoting Societe Generale de Surveillance, S.A. v. Raytheon European Management & Sys. Co., 643 F.2d 863, 868 (1st Cir.1981)).

Because Plaintiffs have made claims regarding the applicability and scope of the arbitration agreement, Plaintiffs have demonstrated circumstances that allow this Court to issue a stay of the arbitration proceeding parallel to this action and undermining this Court's authority. Likewise in initiating the concurrent arbitration proceeding while filing its pending motion to dismiss and compel arbitration is indicative of Defendant's indifference to this Court's authority and the litigation process.

Next, there is a clear possibility of conflicting rulings on a common issue of law or fact should the arbitration, which was commenced *later in time*, to proceed while this action is still active. Moreover, the duplicity of proceedings in two different venues causes both Plaintiffs and this Court to incur excess costs and expenses related to pursuing both, as well as a waste of time and precious resources. Here, Defendant's actions in actively pursuing arbitration on one hand and on the other hand, simultaneously seeking this Court to compel it to arbitration constitutes bad faith and is clearly undertaken for some improper purpose like wasting Plaintiff's money, time, and resources. Notably, Section 1927 of the Judicial Code authorizes a district court to require that an attorney "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" as a result of the attorney's unreasonable and vexatious multiplication of proceedings. Banus v. Citigroup Glob. Markets, Inc., 757 F. Supp. 2d 394, 399 (S.D.N.Y. 2010); 28 U.S.C.A. § 1927.

It is in the best interests of both parties and this Court, as well in the interest of judicial economy, to stay the AAA arbitration until this Court has ruled on the pending motion and/or the conclusion of this action. For the foregoing reasons, this Court should grant Plaintiffs a pre-motion conference and/or leave to file their motion for stay of the arbitration.

Thank you for your time and attention to this matter. Please feel free to contact the undersigned if the Court has any questions, comments or concerns.

    Very truly yours,

    LEVENSON LAW GROUP

    s/ Scott C. Levenson
    SCOTT C. LEVENSON, ESQ.

The Court ORDERS Defendant to respond to
Plaintiffs' letter motion on or before March 9, 2022.

Dated: March 2, 2022
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE