**MEMORANDUM ENDORSEMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___03/09/2022___

Streamlined Consultants, Inc. et al v. Forward Financing LLC et al
7:21-cv-10838 (NSR)

 The Court is in receipt of the attached letter from Plaintiffs, dated March 2, 2022, seeking leave to file a motion to stay parallel arbitration proceedings, and of the attached response from Defendant, dated March 9, 2022, opposing such motion.

 Accordingly, the Court waives the pre-motion conference requirement and grants Plaintiffs leave to file a motion to stay the parallel arbitration proceedings in accordance with the following briefing schedule:

 (1) Plaintiffs' moving papers are to be served (not filed) on April 8, 2022;
 (2) Defendant's opposition papers are to be served (not filed) on May 9, 2022; and
 (3) Plaintiffs' reply papers are to be served on May 24, 2022.

 All motion papers are to be filed by the parties on the reply date, May 24, 2022. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served per this Court's local emergency civil rules.

 The Clerk of Court is respectfully directed to terminate the motion at ECF No. 7.

Dated: March 9, 2022
  White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

March 2, 2022

<u>Via Email and ECF</u>
Hon. Nelson S. Román, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601
Courtroom 218
RomanNYSDChambers@nysd.uscourts.gov

> Re: ***Streamlined Consultants, Inc. et al v. Forward Financing LLC et al,***
> ***Civil Action No. 21-cv-10838***
> <u>**Plaintiffs' Letter Requesting Pre-Motion Conference for Stay**</u>

Dear Judge Román,

This office represents counsel for the Plaintiffs, Streamlined Consultants, Inc. and Moshe Schoenwald (collectively, "Plaintiffs") in the above-captioned matter. We write in accordance with the Court's Individual Rule 3(A)(ii) and Emergency Individual Rule 1(A), to request a pre-motion conference regarding Plaintiffs' request to file a Motion to Stay the parallel Arbitration that Defendant has initiated during the course of this action. The bases for Plaintiffs' anticipated motion for a stay are: 1) This action was brought by Plaintiffs into Court asserting a void agreement between the parties, preventing arbitration; and 2) the Court should grant a stay of the arbitration in furtherance of public policy.

The Court should issue an Order staying the ongoing arbitration, AAA Case No. 01-22-0000-3640, as it regards the exact same parties and claims asserted herein. As Your Honor is aware, there is pending a Motion to Dismiss and Compel Arbitration filed by Defendant to which this Court is currently reviewing and deciding. Despite this Motion filed by Defendant, Defendant chose to initiate arbitration proceedings regardless of this Court's decision on the pending motion, wholly ignoring this Court's authority.

"On a motion to stay arbitration, the Court is mindful of its limited role — 'to determine whether the dispute is arbitrable, which requires a showing that (1) it is lawful to arbitrate the dispute and (2) the parties have agreed to arbitrate such dispute'" <u>City of Rensselaer v. Relentless Awareness, LLC</u>, 71 Misc. 3d 486, 489, 142 N.Y.S.3d 892, 896 (N.Y. Sup. Ct. 2021) (quoting <u>Matter of Board of Educ. of the Hudson City Sch. Dist.</u> <u>(Civil Serv. Empls. Assn., Local 1000, AFSCME, Columbia County, Local 811, Hudson City Sch. Dist. Aides Unit</u>, 174 A.D.3d 1112, 1113, 105 N.Y.S.3d 594 (3d Dept. 2019) (citations omitted)).

"The Court's authority to enjoin arbitration proceedings is limited by the Federal Arbitration Act to situations where the underlying arbitration agreement is invalid or

nonbinding." <u>McIntire v. China MediaExpress Holdings, Inc.</u>, 113 F. Supp. 3d 769, 775 (S.D.N.Y. 2015). "[A] petition to stay arbitration may be granted where there are no substantial issues raised as to whether a valid agreement calling for arbitration was made." <u>City of Rensselaer v. Relentless Awareness, LLC</u>, 71 Misc. 3d 486, 489–90, 142 N.Y.S.3d 892, 896 (N.Y. Sup. Ct. 2021) (citing to <u>Board of Educ. Of City of New York v. Local 891, Intern. Union of Operating Engineers</u>, 270 A.D.2d 7, 705 N.Y.S.2d 29 (1st Dept. 2000)).

Here, Plaintiffs are litigating the very issue that would bar arbitration of this action, namely, that the agreement between the parties is invalid due to its usurious nature. In fact, whether this action is arbitrable was one of the main issues brought up in Defendant's recent motion practice, which Plaintiffs have vehemently disputed. <u>United States v. Eberhard, No. 03 Cr. 562</u>, 2004 WL 616122, at *3, 2004 U.S. Dist. LEXIS 5029, at *10 (S.D.N.Y. Mar. 30, 2004) ("[W]here courts in this Circuit have concluded that § 4 of the FAA permits the issuance of a stay [of a private arbitration], ... they appear to have done so only in those circumstances where a stay would be incidental to the court's power under the FAA to enforce contractual agreements calling for arbitration...."). "[C]ourts have often relied on the First Circuit's reasoning in *Societe Generale* that 'to enjoin a party from arbitrating where an agreement to arbitrate is absent is the concomitant of the power to compel arbitration where it is present.'" <u>Id.</u> (quoting <u>Societe Generale de Surveillance, S.A. v. Raytheon European Management & Sys. Co.</u>, 643 F.2d 863, 868 (1st Cir.1981)).

Because Plaintiffs have made claims regarding the applicability and scope of the arbitration agreement, Plaintiffs have demonstrated circumstances that allow this Court to issue a stay of the arbitration proceeding parallel to this action and undermining this Court's authority. Likewise in initiating the concurrent arbitration proceeding while filing its pending motion to dismiss and compel arbitration is indicative of Defendant's indifference to this Court's authority and the litigation process.

Next, there is a clear possibility of conflicting rulings on a common issue of law or fact should the arbitration, which was commenced *later in time*, to proceed while this action is still active. Moreover, the duplicity of proceedings in two different venues causes both Plaintiffs and this Court to incur excess costs and expenses related to pursuing both, as well as a waste of time and precious resources. Here, Defendant's actions in actively pursuing arbitration on one hand and on the other hand, simultaneously seeking this Court to compel it to arbitration constitutes bad faith and is clearly undertaken for some improper purpose like wasting Plaintiff's money, time, and resources. Notably, Section 1927 of the Judicial Code authorizes a district court to require that an attorney "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" as a result of the attorney's unreasonable and vexatious multiplication of proceedings. <u>Banus v. Citigroup Glob. Markets, Inc.</u>, 757 F. Supp. 2d 394, 399 (S.D.N.Y. 2010); 28 U.S.C.A. § 1927.

It is in the best interests of both parties and this Court, as well in the interest of judicial economy, to stay the AAA arbitration until this Court has ruled on the pending motion and/or the conclusion of this action. For the foregoing reasons, this Court should grant Plaintiffs a pre-motion conference and/or leave to file their motion for stay of the arbitration.

Thank you for your time and attention to this matter. Please feel free to contact the undersigned if the Court has any questions, comments or concerns.

Very truly yours,

LEVENSON LAW GROUP

s/ Scott C. Levenson
SCOTT C. LEVENSON, ESQ.

# Murray Legal, PLLC

170 Old Country Road, Suite 608
Mineola, New York, 11501
Tel: (516) 260-7367
E-Mail: cmurray@murraylegalpllc.com

March 9, 2022

**VIA ECF and E-Mail**: RomanNYSDChambers@nysd.uscourts.gov
Hon. Nelson S. Román, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601
Courtroom 218

RE:     *Streamlined Consultants, Inc. et al v. Forward Financing LLC et al,*
        Docket No.: 21-cv-10838
        <u>Defendant Forward Financing LLC's Response to Plaintiffs' Letter Motion</u>

Dear Judge Román:

I represent Forward Financing LLC ("Forward"), in the above referenced action. I write in response to the letter motion filed by Plaintiffs seeking a stay of the arbitration on Forward's claims for breach of contract against the Defendants. For the reasons set forth herein, the Court should deny Defendants' letter motion in its entirety.

As an initial matter, the Court should deny Plaintiffs' motion because Forward was never served process. A motion seeking injunctive relief against a defendant must be denied for lack of personal jurisdiction when the defendant was not properly served process. *Zuru (Sing.) Pte., Ltd v. The Individuals, Corps., Limited Liabilities Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A to the Complaint*, 2021 U.S. Dist. LEXIS 235895 (S.D.N.Y. 2021) (note 2). Despite the fact that Forward has already moved for dismissal based upon a lack of proper service and detailed why service was ineffective (ECF Docs. 1-4, 1-5)[1], Plaintiffs' letter motion is silent on their failure to serve Forward and the absence of personal jurisdiction over Forward. Due to Plaintiffs' silence in its letter motion, it is unrebutted that Forward was not properly served. Consequently, the Court should deny Plaintiffs' letter motion.

Additionally, the Court should deny Plaintiffs' letter motion because it relies upon state court cases that do not apply the Federal Arbitration Act ("FAA"). The FAA "applies to any arbitration agreement evidencing a transaction involving interstate commerce." *All Metro Health Care Servs., Inc. v. Edwards*, 25 Misc. 3d 863, 866 (Sup. Ct. N.Y. Cty. 2009); *PricewaterhouseCoopers LLP v. Rutlen*, 284 A.D.2d 200, 200 (1st Dept. 2001). The arbitration agreement at issue in this case involves and arises from interstate commerce. Plaintiffs are

---

[1] While the motion to dismiss is not due to be filed until April, Forward served the motion in January and the Court has already been sent courtesy copies. Dismissal for lack of personal jurisdiction is detailed on pages 2-3 of Forward's Memorandum of Law.

residents of New York (ECF Doc. 1-2, ¶¶1-2) and did business with Forward in Massachusetts (ECF Doc. 1-2, ¶3). Forward's sole place of business is in Massachusetts. (ECF Doc. 1-5, ¶¶3-5). The arbitration agreement evidences a transaction involving interstate commerce. (ECF Doc. 1-2, pp.9-21). Once it is "determined that the FAA applies to a particular arbitration agreement, incongruent state statutory schemes are pre-empted." *Sanders v. Gardner*, 7 F. Supp. 2d 151, 157 (E.D.N.Y. 1998). Thus, the FAA standard must be applied, not the standard recited in Plaintiffs' letter motion.

Under the FAA, the Court has the authority to enjoin or stay an arbitration if one of the parties did not consent to arbitrate. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 141 (2d Cir. 2011). On a motion to stay arbitration, the court must consider (1) whether the parties have entered into an agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d at 128. "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000). If the resisting party fails to meet its burden, its application to stay the arbitration must be denied. *Id*.

Plaintiffs' principal argument is that their commencement of an action seeking to hold the underlying agreement void for usury should stay Forward's arbitration against them. ECF Doc. 2, ¶2. Implicit in Plaintiffs' argument is the recognition that the parties entered into an arbitration agreement.[2] However, Plaintiffs' challenge to the entire contract based upon an allegation of usury is not sufficient. Rather, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006). Thus, while Plaintiffs' usury allegations may be construed as challenges to the contract as a whole, they are not grounds for challenging the existence of an enforceable arbitration agreement. *AF Trucking, Inc. v. Bus. Fin. Servs.*, 2020 U.S. Dist. LEXIS 93701, *13 (S.D.N.Y. May 28, 2020). Consequently, Plaintiffs' letter motion does not satisfy the first ground for a stay of arbitration.

Furthermore, while Plaintiffs represent that they "have made claims regarding the applicability and scope of the arbitration agreement," that is not true. ECF Doc. 7, p.2. Plaintiffs provide the Court with no statement of the claims asserted in arbitration. Forward has asserted claims in the arbitration against the Plaintiffs for breach of contract. Ex. 1. The mandatory arbitration agreement applies to "[a]ll disputes and claims for which a court otherwise would be authorized by law to grant relief, in any manner, that any party may have, now or in the future, of any kind or nature whatsoever with or against any other party or its affiliates arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association ("AAA") in accordance with its Commercial Arbitration Rules." *See* Forward's Motion Ex. D, p.58. Given the broad scope of the mandatory arbitration agreement, there can be no dispute that Forward's breach of contract claims are included. Consequently, Plaintiffs' letter motion does not satisfy the second ground for a stay of arbitration.

---

[2] The Arbitration Agreement was annexed as Exhibit D to Forward's motion to dismiss, p.58, §10(a).

Additionally, Plaintiffs cite no authority for their position that their mere filing of an action should automatically enjoin Forward from filing an arbitration on Forward's claims against them. There is no automatic stay of an arbitration solely because one party has commenced a lawsuit in the wrong jurisdiction.  In fact, Plaintiffs' contention is at odds with the settled rule that the party resisting arbitration bears the burdens for demonstrating the arbitration should be stayed.  *Green Tree Fin. Corp.-Alabama*, 531 U.S. at 91-92.

Finally, Plaintiffs' request for a stay of the arbitration is not in the interests of judicial economy.  While Plaintiffs casually lob accusations that Forward is engaging in bad faith litigation tactics, their only complaint is that Forward asserted its own claims against them in the agreed upon arbitration forum.  Plaintiffs' request is nothing more than an attempt to forestall collections by Forward.   Plaintiffs' counsel's same arguments against arbitration were rejected in *AF Trucking, Inc. v. Business Fin. Servs*., 2020 U.S. Dist. LEXIS 93701 (S.D.N.Y. 2020).  Subsequently, in *Calvary LLC v. Funding Metrics, LLC*, 2021 N.Y. Misc. LEXIS 4586 (Sup. Ct. Orange Cnty. 2021), Plaintiffs' counsel used the same arguments.  Upon review of the record and Plaintiffs' counsel's arguments in *Calvary*, which were identical to Plaintiffs' arguments here, the Court concluded that:

> It appears from the face of the record that Cavalry — breezily assuming victim status with no concrete factual allegations or supporting evidence of any kind — has fraudulently induced the defendant funding companies to part with considerable sums of money in return for promises it had no intention of keeping. Cavalry's scheme to defraud is evidenced by the pattern of its obtaining large sums of money from a number of different parties in return for a promise of future payment of a portion of its receivables, and **then promptly filing frivolous lawsuits to forestall collection of the promised payments**.

*Calvary LLC*, 2021 N.Y. Misc. LEXIS 4586 at 21-22 (emphasis added).  Plaintiffs' request to stay the arbitration is just another in a line of cases where one of Plaintiffs' counsel's clients has defrauded a purchaser of receivables and then commenced a frivolous action in the hope of forestalling collections for as long as possible.  Respectfully, the Court should deny Plaintiffs' request.

Thank you kindly for your attention to this matter. If you have any questions, comments or concerns, please feel free to contact the undersigned.

Sincerely,

/s/ Christopher R. Murray
Christopher R. Murray, Esq.

FORWARD FINANCING LLC,
        *Claimant*

v.

STREAMLINED CONSULTANTS INC,
d/b/a STREAMLINED CONSULTANTS, and
MOSHE SCHOENWALD,
        *Respondents*

**American Arbitration Association Action**

_____/

## CLAIMANT FORWARD FINANCING LLC'S COMPLAINT

**NOW COMES** Claimant Forward Financing LLC (hereinafter "Claimant" or

"Forward") and hereby alleges upon information and belief as follows:

## PARTIES

1.      Claimant Forward Financing is a Delaware limited liability company with its

principal place of business at 53 State Street, 20th Floor, Boston, MA 02109.

2.      Respondent Streamlined Consultants Inc, d/b/a Streamlined Consultants

("Streamlined") is a New York corporation with its principal place of business at 400 Rella Blvd

Ste 100, Suffern, NY 10901.

3.      Respondent Moshe Schoenwald is an owner of Streamlined and resides at 22 S

Ridge Rd, Pomona, NY 10970.

## JURISDICTION

4.      The American Arbitration Association ("AAA") has jurisdiction over all causes of

action asserted herein pursuant to the Future Receipts Sale Agreement at issue in this matter,

Section 10 entitled "Mandatory Arbitration of Disputes/Waivers," as well as under Title 9, US

Code, Section 1-14, the Federal Arbitration Act ("FAA").

## **FACTUAL ALLEGATIONS**

5.      Forward Financing assists small and medium sized businesses ("Customers") by purchasing their future receivables in exchange for an upfront cash payment.  Customers indicate that they rely on such financing when they have immediate cash needs such as payroll, inventory purchasing and equipment purchasing, yet customer receipts are too low to finance such needs.

6.      On June 18, 2021, Claimant and Respondents entered into such a cash advance agreement (titled the "Future Receipts Sale Agreement" hereinafter "Agreement") whereby Claimant purchased $118,260.00 of Streamlined's future receipts ("Amount Sold") for the discounted purchase price of $81,000.00 ("Purchase Price"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

7.      When determining the daily payment amount for a particular cash advance, Forward Financing looks to the available historical revenue information for the Customer in order to estimate the Customer's average monthly revenue. This financial information and access to the business' bank account is provided by the Customer prior to funding. The daily payment amount is then calculated by taking the contractual percentage of the average monthly revenue and dividing that number by the number of business days in a month. Thus, the daily payment amount is designed to result in the Customer paying the agreed upon monthly percentage.

8.      The Agreement in this matter required Streamlined to pay 10% of its monthly receivables to Forward Financing.  Based on the financial information it provided to Forward Financing, this 10% number meant Streamlined was to make daily payments to Forward Financing in the amount of $1,478.25 until the entire Amount Sold was collected.  Payments were to be made by Forward Financing-initiated ACH debit on each business day from the bank

account to which Streamlined gave Forward Financing authorization in the Agreement ("Approved Account").

9.     On June 22, 2021 and June 23, 2021, Forward Financing received two (2) payments from Respondent. These payments totaled $2,956.50 of the $118,260.00 of future receipts purchased from Streamlined. Respondents have not made a payment since June 23, 2021.

10.     On June 24, 2021, Forward Financing's ACH debit from Respondents' Approved Account was returned for insufficient funds.  In total, on seven (7) occasions throughout the contract period, Forward Financing attempted, but was unable, due to insufficient funds, to draw its daily payment from the account from which it had been authorized to deduct payments of Future Receipts via ACH debit.

11.     The Agreement provides for damages in the event of such insufficient fund statuses, and states that ". . . Customer agrees to pay Purchaser promptly upon demand a returned item fee of $35 (a "Returned Item Fee") if an electronic debit is returned unpaid or cannot be processed, or if a check, draft or similar instrument issued by Customer or any individual that signs this Agreement is not honored or cannot be processed (either of which is a "Returned Item Event")." **Ex. A** at §5(c).  These returned payments constituted a breach of the Agreement and resulted in Returned Item Fees of $245.00 ($35.00 x 7).

12.     Forward Financing continues to make efforts to resolve the matter with Streamlined. These efforts were made via text messages, phone calls, and e-mails.  In total, Forward Financing made over ten (10) attempts to contact Respondents in order to work out an affordable payment plan and resolve the matter.  The Respondents have either ignored or rebuffed Claimant's contact efforts.

13. On July 8, 2021, the Respondents Streamlined Consultants and Moshe Schoenwald (hereinafter the "Streamlined parties") filed a Summons and Complaint for Declaratory and Injunctive Relief (the "Complaint") against Forward Financing and "BANKS 1-5" in the Supreme Court of the State of New York, County of Rockland (hereinafter "the New York litigation"). Streamlined parties alleged the Agreement usurious and to be deemed void barring Forward Financing from further collection of any outstanding monies (July 8, 2021 Complaint attached hereto as **Exhibit B**).

14. The Summons and Complaint were never served on Forward Financing.

15. On October 22, 2021, the Streamlined parties filed an Amended Complaint for Declaratory and Injunctive Relief in the New York litigation, alleging usury and unconscionability (October 22, 2021 Amended Complaint attached hereto as **Exhibit C**).

16. The Streamlined parties claim to have served Forward Financing on October 22, 2021 at 100 Summer Street, Boston, MA 02110 through in-hand service on "Sepi Ghoreishi". However, Forward Financing's address for service at the time of the Agreement and during the time of the New York litigation was not, nor had it been for over a year, 100 Summer Street, Boston, MA 02110. Forward Financing does not have a means of accepting service at this address. Forward Financing's noticing address is 53 State Street, Floor 20, Boston, MA 02109, which is stated in the Agreement. **Ex. A** at §18. Moreover, Forward Financing does not and did not have any agent, member, manager or other authorized person capable of accepting service at that address or even an agent by the name of Sepi Ghoreishi.

17. On December 17, 2021, Forward Financing filed a Notice of Removal from Supreme Court, County of Rockland to the United States District Court for the Southern District of New York.

18.     Forward Financing is moving to dismiss the New York litigation based on Respondents' failure to effect service of process, in the alternative, dismissing the action and compelling arbitration, in the alternative, dismissing the action based upon Plaintiffs' failure to state a cause of action.

19.     Claimant has and is accruing all attorney's fees and legal costs associated with the New York litigation. Pursuant to the Agreement, Respondents agreed to indemnify Claimant for such fees and costs. *See* **Ex. A** at §§ 10 and 17.

20.     The Respondents also agreed "not commit, fraud in connection with the negotiation or execution of, or performance under, this Agreement." *See* **Ex. A** at § 6 (xix). The Respondents incurring Returned Item Fees so close to receiving funding, after making only two daily $1,478.25 payments on their $118,260.00 owed, coupled with their failure to respond to Claimant's attempts to contact them, and proactively filing a lawsuit in less than three weeks of funding (less than a week after breaching the Agreement) illustrates their intention to commit fraud; the Respondents induced Claimant into executing the Agreement and depositing the purchase price with no intention of making the agreed upon payments.

## **CONCLUSION AND REQUEST FOR RELIEF**

21.     In the Agreement's arbitration provision, the parties agreed to settle any disputes and claims by means of arbitration with the American Arbitration Association, in accordance with Commercial Arbitration Rules. **Ex. A** at §10.  Claimant, therefore, and in light of Respondents breach of the Agreement and perpetration of Fraud in connection with the Agreement, is seeking to pursue its claims against Respondents in arbitration.

22.     The total amount sought by Claimant equals (i) Future Receipts Claimant purchased from Streamlined, (ii) less payments made by Respondents pursuant to the

Agreement, plus (iii) Returned Item Fees, plus (iv) administrative fees of the American

Arbitration Association and the compensation of the Arbitrator, and (v) attorney's fees and legal

costs.

Respectfully submitted,

Dated: January 25, 2022

Brian LeBlanc, Esq., Senior Counsel
Forward Financing LLC
53 State Street, 20th Floor
Boston, MA 02109
(617) 722-4941