UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STREAMLINED CONSULTANTS, INC. *d/b/a STREAMLINED CONSULTANTS,* and MOSHE SCHOENWALD**,**

                    Plaintiffs,

   -against-

FORWARD FINANCING LLC *d/b/a FORWARD FINANCING,* and SPLASH ADVANCE, LLC.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __03/14/2022__

No. 21 Civ. 10838 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiffs Streamlined Consultants and Moshe Schoenwald commenced this action in state court asserting claims of usury and unconscionability against Defendants Forward Financing ("Forward") and Splash Advance, LLC, alleging that Defendants issued them an usurious loan under guise of a sales contract. (ECF Nos. 1-1 & 1-2.) On December 17, 2021, Forward removed to federal court on the basis of diversity jurisdiction under 21 U.S.C. §1332.[1] (ECF No. 1.) Three days later, Forward sought leave to file a motion to dismiss the action, in part, based on an alleged mandatory arbitration clause between the parties in the agreement at issue. (ECF No. 3.) In response, Plaintiffs sought leave to file a cross-motion to remand the case back to state court. (ECF No. 4.) The Court subsequently granted both parties leave to file their respective motions and issued a briefing schedule. (ECF No. 5.)

      On March 2, 2022, Plaintiffs filed their emergency letter motion seeking leave to file a motion to enjoin parallel arbitration proceedings that Forward initiated on January 25, 2022, during

---

[1] In its notice of removal, Forward claims that removal was proper despite the lack of consent from Splash Advance because (1) Plaintiffs failed to properly serve Splash Advance with the summons and amended complaint in state court; and (2) Plaintiffs' amended complaint contains no claim or allegation against Splash Advance. (ECF No. 1 at 3.)

the course of the parties' briefing on Forward's motion to dismiss. (ECF No. 7; *see also* ECF No. 9-1 (Forward's Arbitration Demand).) The Court granted Plaintiffs leave to file such motion and issued a briefing schedule on March 9, 2022. (ECF No. 10.)

Presently pending before the Court is Plaintiffs' second emergency letter motion, seeking an immediate temporary interim stay of the parallel arbitration proceedings. (ECF No. 11.) Therein, Plaintiffs argue that the Court should temporarily enjoin the parallel arbitration proceedings pending its decision on their yet-to-be-briefed motion to stay because, otherwise, they will be harmed and such motion will be rendered moot as the arbitration proceedings are moving forward simultaneously. (*Id.*)

The Federal Arbitration Act ("FAA")establishes that valid agreements between parties to arbitrate their disputes are enforceable:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Hence, "[t]he Court's authority to enjoin arbitration proceedings is limited by the [FAA] to situations where the underlying arbitration agreement is invalid or nonbinding." *McIntire v. China MediaExpress Holdings, Inc.*, 113 F. Supp. 3d 769, 775 (S.D.N.Y. 2015) (citing *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 140 (2d Cir. 2011); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). Consequently, "[a]nti-arbitration injunctions issued by district courts where a valid agreement to arbitrate exists are strongly disfavored." *Id.* (citing *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 134 (2d Cir. 2015).

With that in mind, it follows that a court must determine whether to stay parallel arbitration proceedings through the same analysis that is used to determine whether a claim is subject to arbitration: (1) whether the parties have entered into an agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement. *See In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d at 128. Similarly then, on this kind of motion, "[t]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91–92 (2000). Accordingly, if the resisting party fails to meet its burden, a court must deny its application to stay the parallel arbitration proceedings. *Id.*

Here, after due consideration, the Court concludes that Plaintiffs have failed to carry their burden. To begin, Plaintiffs cite no legal authority specifically supporting their position that the Court can issue an interim stay pending a determination on the validity of the parties' alleged agreement to arbitrate. Indeed, Plaintiffs seem to contend that the mere filing of a motion to stay the arbitration proceedings itself justifies an immediate interim stay of such arbitration proceedings. Put differently, by their requested immediate interim stay, Plaintiffs seemingly seek to avoid carrying their burden in proving that the claims at issue are unsuitable for arbitration. *Id.*

Further, the relief Plaintiffs effectively seek here is a preliminary injunction staying the arbitration proceedings "to preserve the relative positions of the parties," *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981), until the Court determines the merits of their motion to stay. Yet, Plaintiffs fail to provide any basis on which such preliminary injunction is warranted, namely: (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a

preliminary injunction is in the public interest. *See Schwartz v. Cerner Corp.*, 804 F. App'x 85, 87 (2d Cir. 2020).

At best, Plaintiffs only argue that they will suffer some kind of harm and that their yet-to-be-briefed motion to stay will be rendered moot absent the injunction. Yet, besides the potential mootness of their motion to stay, Plaintiffs fail to describe what this other alleged harm entails. But even when assuming the alleged harm includes the mootness of Plaintiffs' motion to stay and potential claim or issue preclusion of Plaintiffs' claims in this Court (or state court, if remanded), the Court nonetheless concludes that Plaintiffs fail to show how these two alleged harms are irreparable such that their requested injunction is warranted.

To be sure, Plaintiffs' requested immediate interim stay would "prevent [Forward] from foisting upon [them] an arbitration process to which [Forward] [may have] no contractual right" because "[a]rbitration under the [FAA] is a matter of consent, not coercion." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d at 141 (citations omitted). Moreover, it is true that federal courts treat arbitration proceedings and awards as if they were judicial decisions "for purposes of applying the preclusion doctrines." *Dalow Industries, Inc. v. Jordache Enterprises, Inc.*, 631 F.Supp. 774, 778 (S.D.N.Y. 1985).

But an arbitrator's jurisdiction over a particular dispute "necessarily depends on [the question of] whether the parties agreed to submit the dispute to arbitration." *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Loc. 249 v. W. Pennsylvania Motor Carriers Ass'n*, 574 F.2d 783, 787 (3d Cir. 1978); *see also ABM Indus. Groups, LLC v. Int'l Union of Operating Engineers, Loc. 30, 30A, 30B, AFL-CIO*, 968 F.3d 158, 164 (2d Cir. 2020) ("An arbitrator's scope of authority generally depends on the intention of the parties to an arbitration,

and is determined by the agreement or submission." (internal quotation marks and citations omitted)).

As such, even absent the injunction they seek here, should Plaintiffs succeed in their yet-to-be-briefed motion to stay (that is, by showing that they did not consent to arbitration), then any of the arbitrator's findings or awards in the parallel arbitration proceedings would not have any preclusionary effect on this Court (or the state court) because the arbitrator would have exceeded his or her power under 9 U.S.C. § 10(a)(4). *See AmeriCredit Fin. Servs., Inc. v. Oxford Mgmt. Servs.*, 627 F. Supp. 2d 85, 95 (E.D.N.Y. 2008) ("An arbitrator exceeds his powers when he rules on issues not presented to him by the parties." (internal quotation marks, citations, and alterations omitted)); *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d at 141 ("Arbitration under the [FAA] is a matter of consent, not coercion." (citations omitted)). Thus, Plaintiffs would suffer no harm in terms of any kind of preclusionary effect the arbitration proceedings may have in either this Court or state court.

Additionally, in this particular case, Plaintiffs would neither suffer any harm by having their motion to stay rendered moot because one ground on which Forward moves to dismiss the instant action is the validity of the alleged mandatory arbitration clause in the agreement at issue. In other words, regardless if Plaintiffs' motion to stay becomes moot, the Court must still address the validity of the alleged arbitration agreement between the parties when ruling on Forward's motion to dismiss. In fact, because Forward sought leave to file its motion to dismiss before Plaintiffs did the same for their motion to stay, the Court may likely rule on Forward's motion to dismiss first, which would nonetheless render Plaintiffs' yet-to-be-briefed motion to stay moot.

And even when assuming that, absent the requested injunction, they will suffer harm by having their motion to stay rendered moot, Plaintiffs still fail to show their likelihood of success

on the merits of their motion to stay (*i.e.*, that the alleged mandatory arbitration clause in the agreement is invalid), that the balance of hardships decidedly tip in their favor, and that the injunction is in the public interest.

Indeed, the opposite is true: the balance of hardships and the public interest favor denying Plaintiffs' requested injunction because it is well-established that the FAA's provisions manifest a strong public policy in favor of arbitration. *See Ermenegildo Zegna Corp. v. Zegna*, 133 F.3d 177, 180 (2d Cir. 1998); *Demopoulos v. Curcio*, No. 20-CV-1208 (RRM) (PK), 2021 WL 799330, at *10 (E.D.N.Y. Jan. 10, 2021), *report and recommendation adopted*, No. 20-CV-1208 (RRM) (PK), 2021 WL 796064 (E.D.N.Y. Mar. 2, 2021); *Zheng v. Gen. Elec. Co.*, No. 15-CV-1232 (TJM) (CFH), 2016 WL 11605145, at *5 (N.D.N.Y. Nov. 16, 2016). Further, as noted above, injunctions staying arbitration proceedings are strongly disfavored. *See McIntire*, 113 F. Supp. 3d at 775. And moreover, were it to grant the injunction here and temporarily stay the arbitration proceedings merely based on Plaintiffs filing a motion to stay the same, the Court would be opening the floodgates to frivolous lawsuits seeking to forestall arbitration proceedings, all of which will further diminish its already scarce judicial resources.

Therefore, the Court DENIES Plaintiffs' second emergency letter motion seeking an immediate temporary interim stay of the ongoing parallel arbitration proceedings. The Clerk of the Court is directed to terminate the motion at ECF No. 11.

Dated: March 14, 2022
       White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge